**The ROCKIES FUND, INC., et al., Petitioners**

v.

**SECURITIES and EXCHANGE COMMISSION, Respondent.**

**No. 07–1438.**

United States Court of Appeals, District of Columbia Circuit.

Oct. 21, 2008.

David E. Carney, Edward Joseph Meehan, Skadden, Arps, Slate, Meagher & Flom LLP, Washington, DC, for Petitioners.

Brian Grant Cartwright, Leslie E. Smith, Senior Litigation Counsel, Jacob H. Stillman, Solicitor, Andrew N. Vollmer, Se-

curities & Exchange Commission, Washington, DC, for Respondent.

Before: ROGERS, TATEL and KAVANAUGH, Circuit Judges.

PER CURIAM.

### JUDGMENT

This case was considered on the record from the Securities and Exchange Commission and on the briefs and arguments of the parties. It is

**ORDERED** and **ADJUDGED** that the petition for review is denied.

This case stems from a number of SEC filings by the Rockies Fund in 1994 and 1995. These filings misstated the classification, valuation, and ownership of stock of the Fund's largest holding, Premier Concepts. The SEC ruled that the Fund and directors Stephen Calandrella, Charles Powell, and Clifford Thygesen violated Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b–5, among other provisions. Accordingly, the Commission levied sanctions, including: third-tier monetary penalties of $500,000 on Calandrella and $160,000 on Powell and Thygesen; a permanent bar on Calandrella, and three-year bar on Powell and Thygesen, from associating with or acting as affiliates of any investment companies; and cease-and-desist orders.

In *Rockies Fund, Inc. v. SEC*, 428 F.3d 1088 (D.C.Cir.2005), we found that substantial evidence supported the SEC's findings of material misrepresentations regarding the stock classification, valuation, and ownership, but we deemed the SEC's explanation for third-tier sanctions to be insufficient. *See id.* at 1099. Third-tier penalties of up to $100,000 per violation are appropriate only if (1) the violation involved "fraud, deceit, manipulation, or deliberate or reckless disregard of a regulatory requirement" and (2) "such violation directly or indirectly resulted in substan-

tial losses or created a significant risk of substantial losses to other persons." 15 U.S.C. § 78u(d)(3)(B)(iii). Because the SEC "did not even cursorily explain" how the second prong was met, we vacated the sanctions and remanded. *Rockies Fund*, 428 F.3d at 1099.

On remand, the Commission significantly reduced the monetary penalties to second-tier sanctions of $50,000 on Calandrella and $20,000 on Powell and Thygesen, and it limited Calandrella's associational bar to five years, with a right to reapply. *See In re Rockies Fund, Inc.*, Release No. 54892, 2006 WL 3542989 (Dec. 7, 2006). The Commission also re-imposed the cease-and-desist orders, as well as the three-year associational bar on Powell and Thygesen. In its order, the Commission explained how these administrative sanctions served the public interest given the recurrent nature of the violations, recklessness of the conduct, and harm to investors and the marketplace. Because the Commission imposed second-tier rather than third-tier penalties, it did not need to explain how the violations "created a significant risk of substantial losses."

Petitioners claim that the SEC failed to comply with our remand order in imposing the sanctions. We disagree. The SEC reduced the level of sanctions and reasonably explained why the sanctions were appropriate in light of the facts.

Petitioners claim that the SEC should have distinguished the sanctions from those levied in *In re Parnassus Investments*, Initial Decision Release No. 131, 1998 WL 558996 (Sept. 3, 1998). That argument is foreclosed by *Geiger v. SEC*, 363 F.3d 481 (D.C.Cir.2004), in which we stated that "[t]he Commission is not obligated to make its sanctions uniform, so we will not compare this sanction to those imposed in previous cases." *Id.* at 488; *see also Butz v. Glover Livestock Commis-*

**6**

*sion Co.,* 411 U.S. 182, 186, 93 S.Ct. 1455, 36 L.Ed.2d 142 (1973).

Petitioners' remaining claims that the Commission failed to give mitigating weight to their reliance on the advice of counsel and auditor, lack of disciplinary history, cooperation with the investigation, and personal suffering are unsupported by the record. The Commission's determinations with regard to each of these factors were reasonable and reasonably explained.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* FED. R.APP. P. 41(b); D.C. CIR. R. 41.